KOH  TPW: USAO 2018R00236

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 MAY -6  PM 5:05

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 19CR228 |
| | * | |
| SEUN BANJO OJEDOKUN, | * | (Conspiracy to Commit Money |
| | * | Laundering, 18 U.S.C. § 1956(h); |
| Defendant | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) & |
| | * | 982(a)(1), 21 U.S.C. 853(p), 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury for the District of Maryland charges that:

### Introduction

At times relevant to this Indictment:

1. Defendant **SEUN BANJO OJEDOKUN ("OJEDOKUN")** was a citizen and resident of Nigeria.

2. **Mukhtar Danjuma Haruna, a/k/a "Mukky" ("Haruna")**, was a citizen and resident of Nigeria.

3. **Gbenga Benson Ogundele ("Ogundele")** was a resident of Laurel, Maryland, and the owner, general manager, and member manager of Friendly Auto Sales and G.O. Benson Group LLC.

4. "Drop Accounts" were bank accounts opened or controlled by the conspirators that were used to receive money from victims. Wells Fargo account x4126 ("WF x4126") in the

name of G.O. Benson Group LLC., which **Ogundele** opened on or about December 30, 2013, was one such Drop Account.

5. In an internet-based romance scam, criminals searched online dating websites, including (among others) Match.com, Are You Interested (ayi.com), OkCupid.com, and Plentyoffish (pof.com), to initiate romantic relationships with elderly female and male individuals, for the purpose of obtaining money through fraud. Criminals typically used phone conversations, emails, internet chat messenger services, and text messages to form romantic relationships with victims. Criminals then used a number of false stories and promises to convince victims to deliver money to the members of the conspiracy to pay for, among other things, fake hospital bills, fake plane trips to visit victims, fake problems with overseas businesses, and fake foreign taxes. Criminals caused the victims to deposit, wire, or transfer money to the Drop Accounts.

6. Criminals involved in internet-based romance scams often were involved in other types of fraud, including fraudulent income tax refunds, international lottery scams, counterfeit check scams, account takeovers, and business email compromises (collectively, "fraud schemes").

## The Conspiracy

7. Between in or about January 2011 and March 2015, in the District of Maryland and elsewhere, the defendant,

**SEUN BANJO OJEDOKUN,**

did knowingly combine, conspire, and agree with **Haruna** and **Ogundele**, and others known and unknown to the Grand Jury, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—

2

to wit, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349—while knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and:

  a. with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

  b. knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

8. The defendant's co-conspirators opened and/or managed the Drop Accounts in order to receive millions of dollars into those accounts from victims of fraud schemes.

9. The defendant's co-conspirators caused victims of fraud schemes to use the wires to transfer money to the Drop Accounts.

10. The defendant's co-conspirators caused victims of fraud schemes to deposit money directly into the Drop Accounts.

11. The defendant and his co-conspirators sent emails evidencing the deposits of money from victims of fraud schemes, in order to facilitate money laundering and account for proof of ownership of fraudulent funds among members of the conspiracy, all to promote criminal conduct and to hide true ownership and disguise the nature, source, and control of those assets.

12. The defendant's co-conspirators disbursed the money received from victims into the Drop Accounts by using wires to transfer money to other accounts, by initiating account

transfers to other accounts at the same bank, by withdrawing sums of money, by obtaining cashier's checks, and by writing checks to other individuals or entities.

18 U.S.C. § 1956(h)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of the Indictment.

### Money Laundering Forfeiture

2. As a result of a conviction for the offense charged in Count One, the defendant,

**SEUN BANJO OJEDOKUN,**

shall forfeit to the United States, any property, real or personal, involved in such offense, and any property traceable to such property.

3. The property to be forfeited includes, but is not limited, the following:

    a. all property constituting the subject matter of the money laundering offense and any proceeds obtained therefrom;

    b. all property used to commit or facilitate the commission of the money laundering offense; and

    c. a sum of money equal to the value of any property involved in the offense.

### Substitute Assets

4. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur* (TW)
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Date: 5/6/19

Foreperson