**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIM. NO. PWG-19-228** |
| | * | |
| **SEUN BANJO OJEDOKUN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## MOTION TO PERMIT INTRODUCTION OF EVIDENCE

The United States of America, by and through its attorneys, moves for permission to introduce evidence of the defendant's conduct that was included in the affidavit in support of the criminal complaint in this case.

## Factual Background

On April 12, 2019, United States Magistrate Judge Thomas M. DiGirolamo authorized a criminal complaint and arrest warrant for the defendant. The criminal complaint was supported by an affidavit sworn by FBI Special Agent Custer ("Custer Affidavit"). The Custer Affidavit set forth evidence of the defendant's involvement in a money laundering conspiracy. The money being laundered came from several predicate crimes, including internet-based romance scams, tax refund fraud, lottery scams, business email compromises, and other fraud later discussed in the indictment in this case. *See* ECF No. 6 ¶¶ 5-6. In addition to the money laundering conduct that later was the specific subject of the indictment, the Custer Affidavit described other information, including: (1) indicia of the defendant's ownership and control of a particular email account ("ownership information"), and (2) additional information regarding consciousness of guilt ("consciousness-of-guilt information"). The ownership information included the defendant's resume and school applications. The consciousness-of-guilt information included the defendant's participation in other illegal activity, including the compromise of a retirement investment account,

the use of a hacking tool and a phishing attempt, the purchase of stolen credit card information, and the creation of fraudulent tax refunds.

On May 6, 2019, a federal grand jury for the District of Maryland returned an indictment charging the defendant with promotion and concealment money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). *See* ECF No. 6. The defendant was arraigned on the indictment on June 24, 2019. Motions are due on July 15, 2019.

## **Legal Analysis**

To the extent that the ownership information and consciousness-of-guilt information is potentially Rule 404(b) information, it is admissible and should be admitted.

Rule 404(b) is a rule of inclusion rather than exclusion, and it generally permits introduction of evidence to prove a defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake. *See United States v. Moore*, 709 F.3d 287, 295 (4th Cir. 2013); *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). In order to be admitted under Rule 404(b), evidence of other acts must be relevant, necessary, and reliable, and its probative value must not be substantially outweighed by confusion or unfair prejudice. *See United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012). Evidence is relevant if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence. *See Van Metre*, 150 F.3d at 349; Fed. R. Evid. 401. As a result, "[t]he threshold for relevancy is relatively low." *United States v. Powers*, 59 F.3d 1460, 1465 (4th Cir. 1995). Evidence is necessary where it "is an essential part of the crimes on trial or . . . furnishes part of the context of the crime." *McBride*, 676 F.3d at 398. Generally, the relevance and necessity inquiries "embody overlapping concerns" and "are often considered in tandem." *Id*. at 397. As a general rule, where evidence is relevant, it is necessary. Finally, "[e]vidence is reliable and should be submitted to the fact finder unless it is

so preposterous that it could not be believed by a rational and properly instructed juror." *United States v. Hornsby*, 666 F.3d 296, 308 (4th Cir. 2012) (quotation marks omitted).

As a preliminary matter, the Government would not be introducing the ownership information or consciousness-of-guilt information to prove the defendant's propensity for criminality. Assuming the jury could conclude that the information constituted other improper acts, the *United States v. Queen*, 132 F.3d 991 (4th Cir. 1997), factors militate in favor of admission because the information is being introduced to show motive, opportunity, plan, knowledge, intent, and absence of mistake.

Ownership Information

First, the ownership information is relevant. It furnishes evidence that the defendant controlled the email account that was directly used as a facility of the money laundering conspiracy. Therefore, the ownership information proves the defendant's opportunity to use the email account for illicit purposes and his knowledge of the complete contents of the email account, including the emails involved in the criminal conspiracy.

Second, the ownership information is also necessary. The inquiry into the necessity of other act evidence often overlaps with the relevance inquiry. *McBride*, 676 F.3d at 397. As discussed above, the ownership information relates directly to, and is probative of, the defendant's opportunity and knowledge. *Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."). *See also Queen*, 132 F.3d at 996. The necessity is further proven by the defendant's presumptive defense (first spelled out in a post-arrest statement) that the defendant's friend had the password for the relevant email account and may have sent some of the emails.

Third, the ownership information is reliable. It comes from an email search warrant on the defendant's account, and is corroborated by the defendant's post-arrest admission that at least one of the resumes from the email account is his. Accordingly, the ownership information is not in the least "preposterous." *Hornsby*, 666 F.3d at 308.

Finally, Rule 403 does not bar introduction of the ownership information. As a general rule, evidence otherwise admissible under Rule 404(b) is not barred by Rule 403 "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (quotation marks omitted). *See also Siegel*, 536 F.3d at 320 ("Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly" (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)). Here, the ownership information is relatively benign, consisting of resumes, school applications, and similar information. Finally, "[a]ny risk of such prejudice [is] mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider the evidence." *Byers*, 649 F.3d at 210.

<u>Consciousness-of-Guilt Information</u>

First, the consciousness-of-guilt information is relevant. It furnishes evidence of the defendant's state of mind relating to the crimes, because it is probative of the defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake when he received and sent emails (including bank deposit receipts) as part of the money laundering conspiracy. In *McBride*, 676 F.3d at 397, the Fourth Circuit clarified that other act evidence is relevant where it is "sufficiently related" to the charged crimes. "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *Id*. Here, the evidence the Government seeks to introduce occurred concurrent with the charged

conduct, using the exact same email facility, and in certain instances (particularly with the tax refund fraud) targeted U.S.-based victims while the defendant was overseas.

Second, the consciousness-of-guilt information is also necessary. As discussed above, the ownership information relates directly to, and is probative of, the defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake.

Third, the consciousness-of-guilt information is reliable. It comes from an email search warrant on the defendant's email account. Accordingly, the ownership information is not in the least "preposterous." *Hornsby*, 666 F.3d at 308.

Finally, Rule 403 does not bar introduction of the consciousness-of-guilt information. Here, the uncharged acts within the consciousness-of-guilt information is less sensational (or at least no more sensational) than the charged crime involving a romance scam and other scams in which large numbers of vulnerable victims were defrauded. As well, if the Court perceived any prejudice, a limiting instruction could be issued to the jury.

## **Conclusion**

For the reasons stated herein, the Court should permit introduction at trial of the ownership information and consciousness-of-guilt information.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: /s/_____
Thomas P. Windom
Assistant United States Attorney