IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. PWG-19-228 |
| SEUN OJEDOKUN | * | |

* * * * *

## MOTION TO SUPRESS STATEMENT

Seun Ojedokun, through his undersigned counsel respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any statement or admission made by him on or about 25 April 2019 and any evidence derived therefrom, which the government proposes to use as evidence against him at trial. In support of this motion the defendant alleges as follows:

### BACKGROUND

Seun Ojedokun arrived in the United States in August of 2017 to further his education in a Chicago, Illinois laboratory program. Mr. Ojedokun who was thirty four when he arrived in the United States was older than most of his U.S. contemporaries. Mr. Ojedokun's arrival was the long culmination of extraordinary perseverance and dedication to better himself through education. Mr. Ojedokun's efforts garnered him a visa to study in the United States and a scholarship which made his study in the United States financially possible.

On April 25, 2019 after nearly two years of distinguished study in the United States, agents of the FBI arrived at Mr. Ojedokun's modest residence in Chicago, Illinois with an arrest warrant. Two weeks earlier Mr. Ojedokun was the subject of a criminal complaint filed in

1

federal court in Maryland alleging his role in a sprawling fraud conspiracy which had been largely resolved years earlier. Mr. Ojedokun was not free to leave when he encountered the special agents of the FBI, he was by contrast embarked on a path that would lead to his detention first in Illinois and then an unpleasant odyssey through various federal detention facilities throughout the United States, culminating in his now months long sojourn at the Chesapeake Detention Facility.

The FBI agents who arrested Mr. Ojedokun on that snowy April morning arrived with an arrest warrant, handguns, and the sure intention that he would be leaving with them. Despite that clear knowledge on their part the agents did not inform Mr. Ojedokun of his rights until after he was interrogated at length and then manacled and then transported to a federal detention facility.

**ARGUMENT**

Mr. Ojedokun a foreign citizen was not properly advised of his rights and did not make a knowing or intelligent waiver of his rights before making a statement. Prior to 8:00 am, eight FBI agents presented at his home and demanded entry. He was directed to make a statement and did so. The agents have now characterized an encounter where 8 federal agents swarm a residence prior to the beginning of the work day to execute an arrest warrant as "non-custodial."

Mr. Ojedokun was in custody when he first encountered the first FBI agent. Had he declined then to let the FBI enter his residence they would have forcibly gained entry. Had he sought to depart his residence at the beginning of his encounter he would have been detained. Had Mr. Ojedokun vigorously tried avoid any of the eight federal agents who entered his home that April morning Mr. Ojedokun could have foreseeably been subject to lethal violence.

The Supreme Court held in *Miranda v. Arizona,* 384 U.S. 436 (1966) that custodial

2

police interrogation requires clear advice to a suspect that they have rights to remain silent, consult with counsel, and discontinue answering questions if they begin.  Mr. Ojedokun, unschooled in U.S. law was not told that he had those rights and accordingly his statements were involuntary.  Mr. Ojedokun's April 25 2019 statement should be suppressed.   Evidence derived from his statement namely the search and seizure of the data in his cellular telephone which he surrendered during his interrogation should be suppressed as his consent to surrender was not a voluntary waiver of his fourth amendment rights.

Mr. Ojedokun requests a hearing regarding the voluntariness of his statementin accordance with the provisions of Title 18 U.S.C. §3501 and the principles set forth in the case of *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).

**WHEREFORE**, the defendant moves that his statement to the police and the documents and information contemporaneously seized from him which the government proposes to use as evidence against him, be suppressed.

Respectfully submitted,

/s/                                                 .
KWASI HAWKS
The Hawks Firm
8705 Colesville Road, Suite 162
Silver Spring, Maryland  20910
Tel:  (310) 433-5577
Federal Bar: 13902

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Fifth Amendment to the United States Constitution

2. Sixth Amendment to the United States Constitution

3. *Miranda v. Arizona*, 384 U.S. 436 (1966)

4. *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965)

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's Motion to Suppress Statements.

Respectfully submitted,

/Signed                                      .
KWASI HAWKS
The Hawks Firm
8403 Colesville Road, Suite 1100
Silver Spring, Maryland  20910
Tel:  (310) 433-5577
Email: kwasihawks@hotmail.com