IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

    Plaintiff

vs.                               *     CRIM. NO. PWG 19-0228

SEUN BANJO OJEDOKUN

    Defendant                     *

DEFENSE FIRST
MOTION IN LIMINE
TO EXCLUDE CERTAIN
LATE-BREAKING EVIDENCE

COMES NOW the Defendant, by and through counsel, and hereby moves in limine to exclude certain evidence, and, for his reasons, states as follows:

**1.** On the 5th of August, 2020, **a month before trial**, the government emailed bank records, and other "miscellaneous records," under a cover letter, but hid the records behind unnecessary cyber security applications, self-identified as "Box", that malfunctioned, so as to prevent the undersigned defense counsel from viewing them;

2. While undersigned counsel has not seen the bank records, they appear, from the cover letter, to be records from American domestic institutions;

3. As the Government is well aware, the defendant was not in America during the periods relevant to the instant indictment;

4. The defense therefore infers that the records are either a) evidence of acts allegedly committed by coconspirators in America; or b) evidence of other crimes;

1

5. The acts allegedly committed by coconspirators in America would irrelevant and inadmissible unless the Government were to first establish that the defendant knowingly conspired with the alleged coconspirators;

6. The evidence produced by the Government so far establishes only that one of the coconspirators did not even know who the defendant was;

7. The other crimes evidence would be inadmissible, and any possible probative value would be outweighed by its prejudice;

8. The production of bank records and "miscellaneous" records, a month before trial, when the events in question occurred six years ago, and the Government's investigation has been continuing for at least the last five years, while the defendant has been incarcerated on these charges since April of 2019, appears to be a violation of due process, in that it is an attempt to shirk the Government's discovery burden and to either prevent the defendant from having a fair opportunity to meet or challenge the new evidence or to provoke the defense into moving for a continuance of the current trial date;

9. The interests of justice would lie, therefore, in an order excluding from trial evidence any of the materials that the Government attempted to email to the defense on 5 August 2020;

WHEREFORE, the defendant prays that this Honorable Court issue an order directing the Government to refrain from introducing into evidence any of the materials that the Government attempted to email to the defense on 5 August 2020.

by: _____/s/_____
George Harper FBN01781
Attorney for Defendant
14744 Main Street, Suite 101
Upper Marlboro, Maryland 20772
(301) 627-2700

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was emailed this 7th of August, 2020, unto the office of Thomas P. Windom, Esq., Assistant United States Attorney, Principal Deputy Chief, Southern Division, United States District Courthouse, 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770.

_____/s/_____
George Harper