

TPW/RKH: USAO 2018R00236

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-19-228 |
| | * | |
| SEUN BANJO OJEDOKUN, | * | (Conspiracy to Commit Money |
| | * | Laundering, 18 U.S.C. § 1956(h); |
| Defendant | * | Forfeiture, 18 U.S.C. § 982(a)(1), |
| | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

SUPERSEDING INDICTMENT

COUNT ONE
(Conspiracy to Commit Money Laundering)



The Grand Jury for the District of Maryland charges that:

Introduction

At times relevant to this Superseding Indictment:

1. Defendant **SEUN BANJO OJEDOKUN ("OJEDOKUN")** was a citizen and resident of Nigeria.

2. **Mukhtar Danjuma Haruna, a/k/a "Mukky,"** was a citizen and resident of Nigeria.

3. **Gbenga Benson Ogundele ("Ogundele")** was a resident of Laurel, Maryland, and the owner, general manager, and member manager of Friendly Auto Sales and G.O. Benson Group LLC.

4. "Drop Accounts" were bank accounts opened or controlled by the conspirators that were used to receive money from victims. Wells Fargo account x4126 ("WF x4126") in the

name of G.O. Benson Group LLC., opened by **Ogundele** on or about December 30, 2012, was one such Drop Account.

5. In internet-based romance scams, criminals searched online dating websites, including (among others) Match.com, eHarmony.com, and ChristianMingle.com, to initiate romantic relationships with elderly female and male individuals, for the purpose of obtaining money through fraud. Criminals typically used phone conversations, emails, internet chat messenger services, and text messages to form romantic relationships with victims. Criminals then used a number of false stories and promises to convince victims to deliver money to the members of the conspiracy to pay for, among other things, fake hospital bills, fake plane trips to visit victims, and fake problems with overseas businesses. Criminals caused the victims to deposit, wire, or transfer money to the Drop Accounts.

6. Criminals involved in internet-based romance scams often were involved in other types of fraud, including fraudulent employment scams, fraudulent income tax refunds, international lottery scams, counterfeit check scams, account takeovers (including unauthorized wire transfers), and business email compromises.

7. Criminals transmitted and used images of financial transactions, including bank deposit receipts and wire transfer forms, as proof that a deposit of fraud money had been made by a victim.

8. Criminals involved in the scams referenced above sometimes transferred, used, possessed, and altered victim identity information and documentation.

### The Conspiracy

9. Between in or about 2013 and March 2015, in the District of Maryland and elsewhere, the defendant,

**SEUN BANJO OJEDOKUN,**

did knowingly combine, conspire, confederate, and agree with **Mukhtar Danjuma Haruna, Gbenga Benson Ogundele**, and others known and unknown to the Grand Jury, to commit an offense against the United States, in violation of 18 U.S.C. § 1956, to wit:

    a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    b. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means

It was part of the conspiracy and scheme to defraud that:

10. **OJEDOKUN**'s co-conspirators opened and/or managed the Drop Accounts in order to receive millions of dollars into those accounts from victims of fraud schemes.

11. **OJEDOKUN**'s co-conspirators caused victims of fraud schemes to use the wires to transfer money to the Drop Accounts.

12. **OJEDOKUN**'s co-conspirators caused victims of fraud schemes to deposit money directly into the Drop Accounts.

13. **OJEDOKUN** and his co-conspirators sent and received e-mail communications with evidence of the deposits victims made into the Drop Accounts.

14. **OJEDOKUN**'s co-conspirators disbursed the money received from victims into the Drop Accounts, all to promote wire fraud and other criminal conduct, and to hide true ownership and disguise the nature, source, and control of those assets.

18 U.S.C. § 1956(h)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of the Superseding Indictment.

### Money Laundering Forfeiture

2. Upon conviction of the offense charged in Count One of this Superseding Indictment, the defendant,

**SEUN BANJO OJEDOKUN,**

shall forfeit to the United States, pursuant to 18 U.S.C. 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

### Substitute Assets

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 8/10/2020