

**U.S. Department of Justice**

*United States Attorney
District of Maryland
Southern Division*

---

*Thomas P. Windom
Chief, Southern Division
Thomas.Windom@usdoj.gov*

*Mailing Address:
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770-1249*

*Office Location:
6406 Ivy Lane, 8th Floor
Greenbelt, MD 20770-1249*

*DIRECT: 301-344-0197
MAIN: 301-344-4433
FAX: 301-344-4516*

August 21, 2020

Hon. Paul W. Grimm
U.S. District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *United States v. Ojedokun*,
     Crim. No. PWG-19-228

Dear Judge Grimm:

  In accord with the scheduling order, ECF No. 51, the Government submits this letter in opposition to the defendant's meritless *in limine* motions.

  **1. ECF No. 74 (Motion to Exclude "Certain Late-Breaking Evidence")**

  The defendant moves to exclude the discovery production the Government made on August 5, 2020. The defendant makes his motion having never reviewed the documents in the production.[1] As defense counsel knows, the Government served many trial subpoenas for bank documents, in anticipation of witness depositions. The August 5th production included many of those bank documents, as well as other recently obtained documents or other material recently determined to be discoverable. There is no basis to exclude such material, produced over a month prior to trial. Indeed, the defendant does not cite any case supporting exclusion. That may be because, if late discovery becomes problematic, "a continuance is the preferred sanction." *United States v. Sterling*, 724 F.3d 482, 512 (4th Cir. 2013) (citing *United States v. Hammoud*, 381 F.3d 316, 336 (4th Cir. 2004)).

  The defendant's motion also moves to exclude certain unidentified acts and statements of his co-conspirators. Again, the defendant cites no cases in support of his argument. Here, the Government already has provided ample documentary support of a conspiracy involving the

---

[1] Defense counsel did not reach out to the Government regarding difficulty downloading discovery prior to filing his motion. On August 11, 2020, upon reviewing ECF No. 74, the Government emailed defense counsel to offer any needed technical assistance. Having heard no response, the Government reiterated the offer in person at the motions hearing on August 18, 2020. On August 20, 2020, the Government offered to mail discs with both the August 5th production and another production that was sent by USAFx on August 19, 2020. As of the time of this filing, the Government has received no response from defense counsel.

defendant and others (including in the complaint affidavit, search warrant affidavit, and other discovery). The Court should permit the introduction of such evidence, and do so without a pretrial hearing regarding admissibility. *See United States v. Blevins*, 960 F.2d 1252, 1257 (4th Cir. 1992) ("This circuit has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E)") (citing *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983)). *See also United States v. Graham*, 711 F.3d 445 (4th Cir. 2013) ("[The defendant] first contends that the district court erred by not making explicit findings on the existence of a conspiracy prior to admitting the statements. This argument fails, however, because a trial court is not required to hold a hearing to determine whether a conspiracy exists before admitting statements under the rule, and the court need not explain the reasoning behind the evidentiary ruling." (citing *Blevins*)); *United States v. Shores*, 33 F.3d 438, 444 (4th Cir. 1994) ("A particular statement may be found to be 'in furtherance' of the conspiracy even though it is 'susceptible of alternative interpretations' and was not 'exclusively, or even primarily, made to further the conspiracy,' so long as there is 'some reasonable basis' for concluding that it was designed to further the conspiracy.").

2. **ECF No. 75 (Motion to Exclude Certain Ownership Evidence)**

This motion is a rehash of the defendant's opposition to the Government's Motion to Permit Introduction of Evidence. *See* ECF Nos. 19, 68. The Court and parties discussed this motion at the motions hearing on August 18, 2020. No further discussion of the substance is needed at this time. However, we write to address a new argument raised by the defense.

The defendant, at paragraph 3, appears to claim that certain electronic records—again, unidentified—"would constitute hearsay" and otherwise violate the Confrontation Clause. This argument is waived and meritless. It is waived because, in accord with the scheduling order, the Government served notice of Rule 902(11) and other certifications on July 20, 2020; the defendant did not serve any response. And it is meritless because the defendant, again, cites no case in support of his argument, and the rules and caselaw are to the contrary. *See, e.g.*, Fed. R. Evid. 803(6), 803(8), 902(11); *United States v. Santana*, 352 F. App'x 867, 872 (4th Cir. 2009) (finding the Government satisfied the requirements of Rule 803(6) where "prior to the introduction of the charts summarizing the business records, the government introduced certificates of authenticity from the original custodians of the records that met each" of the requirements of Rule 803(6)).

3. **ECF No. 76 (Motion to Exclude Certain Consciousness-of-Guilt Evidence)**

As with ECF No. 75, this motion is a rehash of the defendant's opposition to the Government's Motion to Permit Introduction of Evidence. *See* ECF Nos. 19, 68. The Court and parties discussed this motion at the motions hearing on August 18, 2020. No further discussion of the substance is needed at this time.

4. **ECF No. 77 (Motion to Exclude "Certain Groundless Opinion Evidence")**

The defendant moves to exclude certain statements made by Agent Custer in the complaint leading to the defendant's arrest. No response is necessary at this time. Suffice it to say, the Government is aware of the Federal Rules of Evidence. Moreover, in accord with the scheduling order, the Government provided notice to the defendant on June 29, 2020, that the Government did not believe it would call witnesses at trial who must be qualified as experts under Federal Rules

of Evidence 702 and 703. Agent Custer will testify at trial. The appropriate time to make an objection to a question posed to Agent Custer will be when Agent Custer testifies at trial.

**5.     ECF No. 78 (Motion to Exclude "Certain Late-Breaking Discovery")**

This motion appears similar in nature to ECF No. 74's motion to exclude "certain late-breaking evidence." The defendant asks the Court to exclude two entire Government discovery productions, sent to the defendant more than two months before trial. The defendant does not specify any particular discovery he would like suppressed. In general, the two discovery productions included (1) the trial exhibits from *United States v. Ogundele* and *United States v. Olla*, many of which already had been produced in discovery in other form; (2) the audio recording of the defendant's consensual statement, which the Court has already ruled would not be suppressed (i.e., information he already knew); and (3) the Cellebrite extraction of the defendant's cell phone (i.e., information he already knew).

The defendant, again, cites no caselaw in support of his argument for exclusion. And the caselaw is to the contrary. *See United States v. Sterling*, 724 F.3d at 512.

Very truly yours,

Robert K. Hur
United States Attorney

/s/
Thomas P. Windom
Assistant United States Attorney