IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-19-228 |
| | * | |
| SEUN BANJO OJEDOKUN, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S DEMAND FOR A BILL OF PARTICULARS

The United States of America, by and through undersigned counsel, respectfully submits this response in opposition to the defendant's demand for a bill of particulars, filed at ECF No. 100.  The motion lacks merit and should be denied.

### PROCEDURAL BACKGROUND

On April 12, 2019, United States Magistrate Judge Thomas DiGirolamo authorized a criminal complaint and arrest warrant for the defendant.  On May 6, 2019, a grand jury returned a one-count indictment charging promotion and concealment money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  ECF No. 6.  On August 10, 2020, a grand jury returned a superseding one-count indictment charging the same offense.  ECF No. 79.  On August 20, 2020, the defendant filed a motion to dismiss the superseding indictment, ECF No. 86, which the court denied on August 26, 2020, ECF No. 96.

### APPLICABLE LAW

A defendant is not entitled to a bill of particulars as a matter of right.  *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).  Nor is a bill of particulars intended to serve as the equivalent of answers to interrogatories in a civil case.  *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972).  Rather, a bill of particulars is a defendant's means of obtaining specific information in the event of an impermissibly vague indictment.  As a general matter, "an indictment is sufficient if

it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see* Fed. R. Crim. P. 7(c) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."). As long as the indictment fulfills these purposes, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion.[1] *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989). Moreover, "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Labs., Inc.,* 770 F.2d 399, 405 (4th Cir. 1985). *See also United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (same).

**ARGUMENT**

**A.    The Superseding Indictment Is More Than Sufficient And Does Not Require Supplementation With a Bill of Particulars.**

The superseding indictment omits no essential detail, tracks the statutory language, allows the defendant to prepare his defense, and would serve as a bar to double jeopardy in a later overlapping prosecution. Accordingly, the defendant's last-minute motion for a bill of particulars should be denied.[2]

---

[1] A motion for a bill of particulars is addressed to the sound discretion of the court, whose decision to deny a bill of particulars will be overturned only if it rises to the level of abuse of discretion. *Wong Tai*, 273 U.S. at 82; *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987).

[2] Though the Government here addresses the substance of the motion, we also note that it was filed out of time. The scheduling order in this case required pre-trial motions to be filed by June 26, 2020. ECF No. 51. Though the defendant's motion is aimed at the superseding indictment, which was returned after the filing deadline, the superseding indictment is substantively identical to the original indictment. Any motion for a bill of particulars should have been filed months ago to be heard by this Court.

With regard to the one count charged, the Government already has done more than is required. The superseding indictment itself can be characterized as a "speaking indictment," as it explains the conduct, manner, and means of the conspiracy through the "Introduction" and "Manner and Means" sections. ECF No. 79, at 1-2, 4. Supreme Court and Fourth Circuit precedent do not require the searching level of detail that the defendant now seeks, especially in the context of a conspiracy charge. *See United States v. Mills*, 995 F.2d 480, 484 (4th Cir. 1993) ("[W]e reiterate that the focus of a conspiracy charge is the agreement to violate the law, not whether the conspirators have worked out the details of their confederated criminal undertakings.").

Moreover, the defendant has already received ample notice of the specific evidence to be introduced against him. On August 25, August 29, and September 4, the Government identified for counsel the subset of e-mails provided in discovery that the prosecution intends to introduce at trial. The defendant has been present for eight video depositions of trial witnesses, during which he observed counsel's questioning and presentation of specific exhibits. The Government has laid out specific evidence and its theory of prosecution in two prior trials of the defendant's co-conspirators. The defendant cannot plausibly argue now, on the eve of trial and after receiving plentiful discovery and directions to specific portions of it, that a bill of particulars is warranted.

Given the sufficiency of the superseding indictment and the ample information already provided in discovery, discussed in eight depositions in this case, and brought out in thorough exposition at prior trials, the defendant has failed to establish that a bill of particulars is necessary to prepare a defense, avoid undue surprise, and protect against double jeopardy in the case of subsequent charges involving the same conduct.

For these reasons, the Court should deny the defendant's motion for a bill of particulars.

                                               Respectfully submitted,

                        By:    /s/                       
                                 Robert K. Hur
                                 United States Attorney

                                 Thomas P. Windom
                                 Assistant United States Attorney