

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| *Thomas P. Windom* | *Mailing Address* | *Office Location* | *DIRECT 301-344-0197* |
| *Chief, Southern Division* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN 301-344-4433* |
| *Thomas.Windom@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX 301-344-4516* |

October 22, 2020

Hon. Paul W. Grimm
U.S. District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *United States v. Seun Banjo Ojedokun*,
               Criminal Case No. PWG-19-228

Dear Judge Grimm:

      In accord with the scheduling order, ECF No. 129, the Government submits this letter in opposition to the defendant's motion for a new trial. ECF No. 128.

      In the absence of newly discovered evidence, a new trial is granted only when "the interest of justice so requires." Fed. R. Crim. P. 33(a). The Fourth Circuit has determined that a district court should "sparingly" use its discretion to grant a new trial in the interest of justice. *See United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (citing *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997)). Indeed, the Fourth Circuit has warned that a new trial should be granted only where "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); *see also United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992).

      In his motion, the defendant does not argue that the interest of justice requires a new trial. *See* ECF No. 128. The defendant makes no argument, nor could one be made, that the evidence at trial "weigh[ed] so heavily against the verdict that it would be unjust to enter judgment." *Arrington*, 757 F.2d at 1485. Instead, the defendant regurgitates arguments previously made in pretrial motions or at trial, not even bothering to correct facts previously disproven by record evidence.[1] All of the issues upon which the defendant relies previously were briefed, argued, and ruled on by the Court. The motion for a new trial is simply an effort by the defendant to seek

---

[1] For example, the defendant continues to maintain that eight armed federal agents interrogated him at his home, instead of—as proven by testimony—two besuited agents conducting a voluntary interview. ECF No. 128-1 at 5.

reconsideration of matters that this Court already definitively decided during pretrial hearings and at trial. Accordingly, this Court should deny the motion.

### 1. The Defendant's Statements, E-mails, and Cell Phone Contents

The defendant argues that the Court should have granted, and previously erred in denying, his motions to suppress his statements, e-mails, and cell phone contents. ECF No. 128-1 at 1-7. On July 15, 2019, the defendant filed a motion to suppress his statements to law enforcement officers. ECF No. 20. On June 26, 2020, the defendant also filed motions to suppress his e-mails and the contents of his cell phone. ECF Nos. 54, 55. On August 18, 2020, this Court denied all three motions after a pretrial hearing. ECF No. 85. There is no reason to revisit the Court's decision because the defendant does not offer any new arguments.

### 2. The Superseding Indictment

The defendant argues that this Court should have granted the motion to dismiss the superseding indictment. ECF No. 128-1 at 12-14. The defendant filed the motion to dismiss on August 20, 2020. ECF No. 86. The Court ruled against the defendant on August 26, 2020. ECF No. 96. This issue was litigated and the Court provided a reasoned basis for its decision. The defendant offers no reason to justify the extreme relief of a new trial.

### 3. Bill of Particulars

The defendant asserts that this Court should have granted his motion to dismiss for failure to file a bill of particulars. ECF No. 128-1 at 14-19. The defendant filed this motion on September 7, 2020. ECF No. 103. On September 9, 2020, this Court ruled against the defendant. ECF No. 107. Once again, the defendant offers no reason to revisit the decision.

### 4. Other Crimes Evidence, Hearsay, and the Sixth Amendment

The defendant states that this Court "should have sustained defense objections to other crimes evidence, to hearsay, and to evidence that violated the defendant's rights to confront and cross-examine the witnesses against him." ECF No. 128, 128-1 at 8-10. The defendant raised these arguments prior to trial. ECF Nos. 89, 92. The Court found the defendant's arguments wanting. There is no reason for reconsideration.

### 5. "Late-Breaking Discovery"

The defendant argues that this Court should have sustained his objections to the introduction of evidence produced in discovery in advance of trial. ECF No. 128-1 at 11. The defendant has already filed motions relating to this argument. ECF Nos. 78, 104. Again, the Court already ruled on this matter. ECF Nos. 96, 108. The defendant offers no reasons for reconsideration.

In sum, the defendant merely rehashes arguments that were rejected by the Court, and has not demonstrated any basis for reconsideration or for a new trial.

                                    Respectfully submitted,

                                    Robert K. Hur
                                  United States Attorney

By:    /s/Thomas P. Windom
        Thomas P. Windom
        Assistant United States Attorney