IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIM. NO. PWG-19-228** |
| | * | |
| **SEUN BANJO OJEDOKUN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******** | |

**OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

On September 15 2020, the trial jury found the defendant guilty of promotion and concealment money laundering conspiracy. ECF No. 119. On September 29, 2020, the defendant moved for a new trial. ECF No. 128. On October 22, 2020, the Government filed its opposition brief. ECF No. 134. The Court denied the motion on November 17, 2020. ECF No. 140.

On November 18, 2020, trial counsel was permitted to withdraw his appearance, ECF No. 141, and current defense counsel entered his appearance the following day, ECF No. 143. On November 25, 2020, current defense counsel filed a motion for reconsideration of the Court's order denying the defendant's new trial motion. ECF No. 146. The motion raises two grounds, one of which never has been raised before. First, the motion claims (again) that the superseding indictment is barred by the statute of limitations. Second, the motion argues (for the first time) that the statute of conviction, 18 U.S.C. § 1956(h), does not reach the defendant's conduct since he was overseas at the time of the proven crime. As explained below, neither of the defendant's arguments has merit, and both should be denied.

**Argument**

**I.     The Superseding Indictment Is Not Time-Barred.**

Trial counsel previously moved to dismiss the superseding indictment based on the statute of limitations. ECF No. 86. The Government filed an extensive opposition brief, ECF No. 94,

and here will not repeat those same arguments.  The Court orally denied the defendant's motion ECF No. 107.

The defendant's reconsideration motion spins a new argument, contending—inaccurately—that Fourth Circuit precedent requires that the indictment identify with particularity the underlying specified unlawful activity.  For this proposition, the defendant cites the inapposite case *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995), which nonetheless finds the particular allegation in that case sufficiently pleaded.  The defendant confuses what is sufficient with what is necessary.  In *Smith*, the Fourth Circuit found the allegation sufficiently pleaded, but did not hold more broadly what is necessary in every indictment.

This Court recently addressed this exact argument when it denied a § 2255 motion in *United States v. Popoola*, PWG-15-277, ECF No. 992.  As the Court correctly noted in *Popoola*, *Smith* was concerned with substance, not form, focusing on whether the indictment contained the essential facts, gave the defendant fair notice, and protected the defendant from double jeopardy. *Id.* at 6.  The Court in *Popoola* also quoted Federal Rule of Criminal Procedure 7(c)(2), which forbids dismissing an indictment or reversing a conviction if an indictment contains "an error in citation" or a "citation's omission" "[u]nless the defendant was misled and thereby prejudiced." *Id.*  Here, as in *Popoola*, the defendant was not misled or prejudiced by the faulty citation in the original indictment; he does not even allege that he was, nor could he prove it if he had.  There was never any doubt what the trial would be about; the defendant was given ample fair notice and he is protected from double jeopardy.  As in *Popoola*, the original and superseding indictments alleged the conspirators' actual use or the interstate wires, and also the use of interstate wires by victims at the direction of the conspirators.  *See, e.g.*, ECF No. 6 ¶¶ 5, 8-12; ECF No. 79 ¶¶ 5, 7, 10-14.  In addition, the 40-page criminal complaint that preceded the original indictment was replete with actual instances of the conspirators using or causing the use of the interstate wires.

Since "substantive acts of wire fraud were sufficiently alleged and proven at trial," *Popoola*, ECF No. 992 at 8, the Government here, as in *Popoola*, could have proceeded to trial on the original indictment without fear of dismissal. Instead, the Government chose to seek a superseding indictment, in an abundance of caution. The defendant should not be rewarded for this strategic choice that did not alter the substance or nature of the original indictment.

**II.     Section 1956(h) Reaches The Defendant's Conduct.**

For the first time, the defendant contends that § 1956(h) does not criminalize his conduct, since he was in Nigeria at the time he conspired to defraud elderly United States victims of massive sums of money.[1] The defendant's argument cites exactly one out-of-District case in support of his plea that the Court ignore the domestic conduct of his co-conspirators. *See* ECF No. 146 at 9-10 (citing *United States v. Lloyds TSB Bank PLC*, 639 F. Supp. 2d 314, 324 (S.D.N.Y. 2009)). The *Lloyds* case was a civil one, examining § 1956(f)'s application to § 1957(d), in which there was no domestic conduct of any of the bank's money laundering conspirators; rather, the only domestic conduct was of the securities fraud conspirators—that is, conspirators to the underlying specified unlawful activity in which the bank did not participate.[2] That case, upon even a cursory review, is inapposite, and does not address the facts of this case.

Here, the domestic conduct that forms the basis for jurisdiction is conduct of the defendant's <u>own</u> conspirators, not individuals who were uninvolved in the money laundering as in

---

[1] Since the defendant's argument fails on the merits, the Government for now bypasses any argument that the defendant has waived this issue by failing to raise it until after trial. If the Court would like further briefing on waiver, the Government is happy to oblige.

[2] The *Lloyds* court followed the Supreme Court's decision in *United States v. Cabrales*, 524 U.S. 1 (1998), which stands for the now-uncontroversial proposition that venue for money laundering offenses is improper in the district in which the funds were unlawfully generated if the financial transaction that constitutes the laundering occurred wholly within another district. For some reason, the defendant's motion omitted the remainder of the quoted passage from *Lloyds* that included the *Cabrales* citation. *Compare* ECF No. 146 at 10 ("But this will not suffice…") *with Lloyds*, 639 F. Supp. 2d at 324 ("But this will not suffice under *Cabrales*.).

*Lloyds*. Indeed, the grand jury alleged—in both the original and superseding indictments—and the Government proved at trial, that the defendant conspired with Gbenga Benson Ogundele, a Maryland resident. Under the instant facts, courts routinely have no trouble taking appropriate jurisdiction over foreign defendants who conspired with domestic conspirators. *See United States v. Firtash*, 392 F. Supp. 3d 872, 900 (N.D. Ill. 2019) ("Unlike *Lloyds*, the government here has alleged facts that tie [the defendants] to the activity of a criminal enterprise with substantial activity in the United States."); *United States v. Hayes*, 99 F. Supp. 3d 409 (S.D.N.Y. 2015) (citing *Ford v. United States*, 273 U.S. 593 (1927), for the proposition that "the acts of co-conspirators may be taken into account in deciding whether United States courts may prosecute an alleged conspirator"); *United States v. Hijazi*, 845 F. Supp. 2d 874, 886 (C.D. Ill. 2011) (citing *United States v. Wormick*, 709 F.2d 454, 461 (7th Cir. 1983), for the proposition that a co-conspirator's "actions in furtherance of the scheme to defraud can thus be attributed to [the defendant], even though he is a foreign national"); *United States v. Manuel*, 371 F. Supp. 2d 404, 409 (S.D.N.Y. 2005) ("The Supreme Court has specifically upheld the exercise of jurisdiction over conspirators who have never entered the United States, where the conspiracy was 'directed to violation of the United States law within the United States.'"). *Cf. United States v. McKeeve*, 131 F.3d 1, 11 (1st Cir. 1997) (quoting *United States v. Inco Bank & Trust Corp.*, 845 F.2d 919, 920 n.4 (11th Cir. 1988), for the proposition that "a conspiracy occurring partly within the United States is prosecutable without resort to any theory of extraterritorial jurisdiction"); *United States v. Finch*, 2010 WL 3938176, at *2 (D. Haw. 2010) (citing *United States v. Endicott*, 803 F.2d 506, 508 (9th Cir. 1986), for the proposition that "if an overt act in furtherance of a conspiracy occurs in this country, then the conspiracy falls within the jurisdiction of the United States").[3]

---

[3] Even assuming the defendant's argument is correct, the conduct here meets the extraterritorial requirements of § 1956(f) because the victim funds were in excess of the statutory threshold of $10,000 and "the transferred funds originated in the United States." *United States v. Garcia*, 533

**<u>Conclusion</u>**

The motion for reconsideration should be denied.

                      Respectfully submitted,

                      Robert K. Hur
                      United States Attorney

By: /s/
     Thomas P. Windom
     Assistant United States Attorney

---

F. App'x 967, 982 (11th Cir. 2013). As well, the defendant's argument about statutory ambiguity and the rule of lenity are unavailing, since the conduct of the conspirators and the transferred victim funds clearly establish jurisdiction in the United States. Tellingly, the defendant cites zero relevant cases in support of his argument that the instant facts, when considered in the framework of § 1956(h), are subject to these legal constructions.